# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID HAROLD GREER | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv219 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION

Petitioner David Harold Greer, an inmate confined within the Texas Department of Criminal Justice Correctional Institutions Division, proceeding *pro se*,, filed this petition for writ of habeas pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary conviction.

## Factual Background

On October 3, 2012, petitioner was notified that he was being charged with the prison disciplinary offense of possession of contraband. Following a disciplinary hearing on October 9, he was convicted of the offense with which he was charged. He received the following punishment: (1) loss of commissary and recreation privileges for 45 days; (2) demotion to a classification at which he will earn fewer days of good conduct time credits and (3) forfeiture of 360 days of previously earned good conduct time credits.

## Grounds for Review

Petitioner asserts the following grounds for review: (1) he was improperly denied a preliminary investigation; (2) there was insufficient evidence to support the conviction; (3) his counsel substitute was ineffective and (4) the hearing officer was biased.

Procedural Bar

A state prisoner must exhaust all available state remedies before proceeding in state court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b) and (c). Texas state courts will not entertain habeas corpus challenges to prison disciplinary proceedings. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex.Crim.App. 1988); *Anthony v. Johnson*, 177 F.3d 978 (5th Cir. 1999). However, a federal court may not grant habeas relief to a petitioner who has failed to exhaust all administrative remedies challenging a prison disciplinary proceeding. *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980); *Rourke v. Thompson*, 11 F.3d 47, 49 at n. 6 (5th Cir., 1993). Further, such a claim is procedurally defaulted absent a showing of cause and prejudice or a fundamental miscarriage of justice. *See Moffat v. Director, TDCJ-CID*, 390 F.Supp.2d 560, 562-63 (E.D. Tex. 2005).

The Texas Department of Criminal Justice, Correctional Institutions Division, employs a two-step grievance procedure which takes approximately 90 days to exhaust. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). Step 1 of the grievance procedure involves the prisoner submitting a grievance to the unit grievance coordinator. The unit grievance investigator will investigate the grievance, collect documents and other evidence, interview witnesses, draft an investigation report of findings and prepare a recommendation for the review of the decision maker. The authorized decision maker for a Step 1 grievance is the warden or assistant warden.

Step 2 of the grievance procedure involves the prisoner submitting an appeal to the division grievance investigator at prison headquarters. The division investigator will investigate the grievance, collect documents and other evidence, interview witnesses, draft an investigation report

of findings and prepare a recommendation for the review of the decision maker. The decision maker for a Step 2 grievance is the regional director or assistant director.

A review of the petition reveals that petitioner has not exhausted his administrative remedies with respect to his third and fourth grounds for review. Ground for review three was not raised in either the Step 1 or the Step 2 grievance, and ground for review four was only presented in the Step 2 grievance. Any attempts to now exhaust the prisoner administrative remedy procedure with respect to these grounds for review would be futile because the grievances would be untimely. Petitioner has failed to show either cause or prejudice or a fundamental miscarriage of justice. As a result, petitioner's third and fourth grounds for review are procedurally barred from review in this proceeding.[1]

## Analysis

Prison inmates who lose previously earned good conduct time credits as a result of prison disciplinary convictions are entitled to the procedural due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). As petitioner was deprived of good conduct time credits as a result of the disciplinary conviction complained of, he was entitled to: (1) written notice of the charges brought against him at least 24 hours before the

---

[1] In addition to be being procedurally barred, petitioner's third and fourth grounds for review are without merit. In his third ground for review, petitioner asserts his counsel substitute failed to provide him with effective assistance in connection with his disciplinary proceeding. However, as inmates have no right to counsel at disciplinary hearings, *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976), an assertion that a counsel substitute provided ineffective assistance does not provide a basis for relief. In his fourth ground for review, petitioner contends his hearing officer was biased because he stated it did not matter whether or not there was proof that the numbers in petitioner's possession were Green Dot number because the charging officer's opinion as to what the numbers were was sufficient. The requirement of impartiality in the context of prison disciplinary hearings requires that the disciplinary hearing officer may not have participated in the case as an investigating or reviewing officer or as a witness. *Wolff*, 418 U.S. at 572l *Pedraza v. Meyer*, 919 F.3d 317, 320 (5th Cir. 1990). Petitioner's assertions do not demonstrate that the hearing officer had any participation in the case other than presiding over the disciplinary hearing. Moreover, petitioner's assertions fail to demonstrate that the hearing officer had any bias against petitioner personally or bore him any ill-will. As a result, petitioner's fourth ground for review is without merit.

hearing; (2) a written statement of the fact-finder as to the evidence relied on and the reason for the disciplinary action and (3) the opportunity to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 563-66.

In addition, there must have been "some evidence" to support the petitioner's conviction. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1983). The result of a prison disciplinary proceeding will be overturned by a federal court "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

"Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "Federal Courts will not review the sufficiency of the evidence at a disciplinary hearing; a finding of guilt requires only the support of 'some facts' or 'any evidence at all.'" *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986) (citation omitted). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report, standing alone, can satisfy the "some evidence" standard. *Id*. at 536-37 (citing *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999)) (information contained in a conduct report is alone "some evidence" of guilt).

*Lack of an Investigation*

Initially, petitioner complains that no preliminary investigation was conducted in the case. However, the right to a preliminary investigation is not one of the procedural protections described in *Wolff*. Accordingly, the contention that no preliminary investigation was conducted does not provide petitioner with a basis for relief.

*Insufficient Evidence*

In addition, petitioner asserts there was insufficient evidence to support his disciplinary conviction. In the offense report, the charging officer stated that when he walked by petitioner's cell he smelled smoke in the cell. He ordered petitioner to leave the cell and performed a strip-search. During the search, he found in petitioner's shorts a bag containing tobacco and a green dot number worth $500. Petitioner states the evidence was insufficient because no investigation was conducted to determine whether the numbers recovered by the charging officer were Green Dot numbers. He states an investigation would have revealed that the numbers were not Green Dot numbers.

In his report, the charging officer stated he found a Green Dot number and tobacco in petitioner's shorts. Green Dot is any anonymous debit card service that allows anonymous financial transactions. *Lopez v. Superintendent, Pendleton Correctional Facility*, 2016 WL 1746162 (S.D. Ind. May 3, 2016). Green dot numbers are reloadable prepaid card numbers. *Lee v. King*, 2015 WL 5554256 (S.D. Miss. Sept. 21, 2015).

The statement in the charging officer's report that the numbers found in petitioner's possession were Green Dot numbers constitutes some evidence that the numbers were in fact Green Dot numbers. Weighing the evidence against petitioner independently to determine its sufficiency or determining whether the charging officer's statement was credible are not matters for a federal

habeas court. The charging officer's statement that the numbers were Green Dot numbers is sufficient to withstand federal habeas review.

In addition, the offense report stated petitioner was found in possession of tobacco. Even if any reference to petitioner possessing Green Dot numbers is ignored or stricken from the charge against petitioner, the charging officer's statement that petitioner was in possession of tobacco is sufficient to support his disciplinary conviction for possessing contraband.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus is without merit and is therefore denied. An appropriate final judgment shall be entered.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a certificate of appealability is issued. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473 (2000); *Elizalde v. Dretke*, 362 F.3d 323 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues raised are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubts regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 272 (5th Cir. 2000).

In this case, the petitioner has not shown that any of the issues he raised are subject to debate among jurists of reason. The factual and legal issues asserted by petitioner are not novel and have

been consistently resolved adversely to his position. In addition, the issues raised are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**SIGNED** this the **19** day of **August, 2016.**

_____
Thad Heartfield
United States District Judge